**IN THE COURT OF APPEALS OF IOWA**

No. 22-1765
Filed January 11, 2023

**IN THE INTEREST OF K.S.,**
       **Minor Child,**

**S.C., Mother**
       Appellant.
_____

       Appeal from the Iowa District Court for Warren County, Kevin A. Parker,

District Associate Judge.

       A mother appeals the termination of her parental rights to her child.

**AFFIRMED.**

       Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant

mother.

       Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

       Magdalena B. Reese of Juvenile Public Defender Office, Des Moines,

attorney and guardian ad litem for minor child.

       Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A mother appeals the termination of her parental rights to her child, born in July 2020.[1] She challenges the State's proof of the grounds for termination and asks for additional time to reunite with the child. After a de novo review of the record, *see In re J.H.*, 952 N.W.2d 157, 166 (Iowa 2020), we affirm.

The child came to the attention of the Iowa Department of Health and Human Services (DHHS) in April 2021 when the father physically assaulted the mother in the child's presence. After the father tested positive for methamphetamine that July, the parents left the state with the child. The juvenile court issued an order to take the child into immediate custody once found.

The family was found in Kentucky, and they returned to Iowa in September 2021. Testing revealed that the child was exposed to methamphetamine, and the juvenile court adjudicated her a child in need of assistance (CINA). At first, the mother participated in services to address her mental-health and substance-abuse issues. But she disengaged with services when she went to live with the father after his December release from jail.

When several months passed without the parents making notable progress, the State petitioned to terminate parental rights. At the termination hearing, the mother showed signs that she was under the influence of methamphetamine. Despite two requests, she did not provide a sample for drug testing.

The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(d) and (h) (2022). We may affirm if sufficient evidence

---

[1] The juvenile court also terminated the father's parental rights, but he does not appeal.

supports termination on one of the grounds. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). The mother contests termination under section 232.116(1)(h) by challenging the finding that the child could not be returned to her custody at the time of the termination hearing without facing risk of harm sufficient for a CINA adjudication. *See* Iowa Code § 232.116(1)(h)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

Clear and convincing evidence shows the child could not be returned to the mother's custody at the time of the termination hearing. Although the mother claims she has "shown significant progress and dedication to being sober and to safely provide care for her child," the record belies her claim. The mother failed to address her substance abuse during the CINA proceedings and showed signs of being under the influence of methamphetamine at the termination hearing. Although the mother claims she separated from the father before the start of termination hearing,[2] the end of that relationship would not eliminate her need for substance-abuse treatment. She has done "too little, too late." *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) ("A parent cannot wait until the eve of termination, after the statutory time periods for reunification have expired, to begin to express an interest in parenting.").

The mother also asks for more time under Iowa Code section 232.104(2)(b), which allows the court to continue the child's placement for six months if doing so will eliminate the need for the child's removal. Before granting such a request, the

---

[2] When asked if she intended to be in a relationship with the father again, the mother equivocated: "I don't know. Could be. I don't know. Maybe. Right now, I don't know. I don't have any idea."

court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b).

We decline the mother's request for more time. The mother failed to address the reasons that led to the CINA adjudication during those proceedings, and nothing suggests she will do so now. Because the statutory period for termination has passed, we view these proceedings with a sense of urgency. *See C.B.*, 611 N.W.2d at 494–95. It is not enough to hope that the mother is now motivated to change. *See In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) ("[W]e cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (citation omitted)). Her lack of engagement during the CINA proceedings is more indicative of her future performance than her claims at the termination hearing and on appeal. *See In re B.H.A.*, 938 N.W.2d 227, 233 (Iowa 2020) (noting a parent's past performance shows the quality of the future care that parent can provide).

Because termination of the mother's parental rights is in the child's best interests, *C.B.*, 611 N.W.2d at 492, (stating that our primary interest in termination proceedings is the best interests of the child), we decline the mother's request for more time and affirm the termination under Iowa Code section 232.116(1)(h).

**AFFIRMED.**